IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BUDDY G.,[1]

      **Plaintiff,**

v.

      Civil Action 3:25–cv–00061
      Judge Thomas M. Rose
      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*. On January 14, 2026, the Court issued a Show Cause Order regarding Plaintiff's Suggestion of Death (ECF No. 11) and the expiration of the 90-day period set forth in Federal Rule of Civil Procedure 25(a).[2] (ECF No. 12.) The Court required Plaintiff to show cause as to why the Court should not dismiss this case. (*Id.*) Plaintiff failed to comply with the Court's Order. To date, neither party has moved the Court for a substitution pursuant to Rule 25(a). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** this case under Rule 25(a).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[2] "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a).

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

|  |  |
|---|---|
| **Date: February 2, 2026** | */s/ Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**UNITED STATES MAGISTRATE JUDGE** |